UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

URIAH A. VENNOR,

                                  Plaintiff,

                                                         DECISION AND ORDER

                                                         17-CV-6544L

                       v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                  Defendant.
_____


       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On November 13, 2013 and December 16, 2013, plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), and for supplemental security income under Title XVI of the Act. Plaintiff alleged an inability to work since January 1, 2002. (Dkt. #8 at 17). His applications were initially denied. Plaintiff requested a hearing, which was held February 9, 2016 before Administrative Law Judge ("ALJ") John P. Costello. The ALJ issued an unfavorable decision on May 12, 2016, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on June 16, 2017 (Dkt. #8 at 1-3). Plaintiff now appeals.

The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's cross motion (Dkt. #17) is granted, plaintiff's motion (Dkt. #12) is denied, and the complaint is dismissed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five step sequential evaluation, familiarity with which is presumed. *See* 20 CFR §§404.1509, 404.1520; *Bowen v. City of New York*, 476 U.S. 467, 470 71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Here, the ALJ determined that the plaintiff was capable of performing a full range of medium work, and applied the Medical-Vocational Guidelines to find that plaintiff, forty-six years old as of the alleged disability onset date (and sixty-one years old at the time of the ALJ's decision), with a high school education and no past relevant work, was "not disabled." (Dkt. #8 at 17-27).[1]

Plaintiff's treatment records reflect a history of complaints of lower back pain and left shoulder pain, treated with medication and intermittently with physical therapy. The ALJ's finding concerning plaintiff's RFC is consistent with the medical evidence of record.

Initially, plaintiff contends that the ALJ failed to sufficiently support his decision not to give controlling weight to the opinion of treating physician Dr. Ugo Awa. (Dkt. #8 at 401-09,

---

[1] Plaintiff argues that the ALJ mischaracterized plaintiff's education level, as plaintiff testified that he had attended school only through the eighth grade in Jamaica. However, plaintiff also testified that since moving to the United States, he has received the equivalent of a high school diploma. (Dkt. #8 at 42-43). As such, the ALJ's description of plaintiff's education level as "high school or equivalent" was not erroneous.

648-56). Dr. Awa's opinion, rendered February 18, 2016 based on a two-year treating history, opined that plaintiff's back pain caused a number of significant limitations. Specifically, Dr. Awa opined that plaintiff could rarely lift 20 or more pounds, cannot sit for more than 20 minutes or stand for 30 minutes or walk more than two city blocks, would frequently be unable to maintain attention or concentration, and would miss more than four days of work per month. (Dkt. #8 at 550-51).

A treating physician's opinion is entitled to controlling weight if it is well-supported by medical findings, and is not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). If an ALJ opts not to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency; and (5) the physician's specialization, along with any other relevant factors. 29 C.F.R. §404.1527(d)(2). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).[2]

I find that the ALJ appropriately considered the relevant factors in assessing Dr. Awa's opinion. Initially, the Court observes that the opinion consists largely of check-boxes and cursory answers on a 2-page form, unsupported by any narrative explanation or reference to any objective findings even when such explanations are requested.

As the ALJ noted, Dr. Awa is an internist who began treating plaintiff in 2014 – twelve years after plaintiff's alleged disability onset date – for a host of conditions including diabetes, hypertension, tinnitus, and back and shoulder pain. In treating plaintiff's back and shoulder pain,

---

[2] A recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

3

Dr. Awa prescribed and adjusted dosages for pain medications, but did not recommend more aggressive measures, such as specialist treatment or surgical intervention. When asked whether he wished to try steroid injections for pain management, plaintiff indicated that he was "uninterested." (Dkt. #8 at 322).

In addition to plaintiff's history of conservative treatment for his back and shoulder pain, objective testing and examination have consistently yielded unremarkable findings. X-rays of plaintiff's lumbar spine showed only mild to moderate degeneration and mild foraminal narrowing at just one level. (Dkt. #8 at 363, 401). These results were, in the opinion of plaintiff's then-treating physician Dr. Daniel King, inconsistent with musculoskeletal pain. (Dkt. #8 at 311). A May 21, 2013 ultrasound study of plaintiff's back likewise "showed no cause for his pain." (Dkt. #8 at 311, 386). Radiological images of plaintiff's left shoulder were "unremarkable," with "no evidence of acute fracture, dislocation, or acute bony abnormality," "[n]o significant arthritic change," and no evidence of a soft tissue injury. (Dkt. #8 at 362, 402).

Plaintiff's self-reported daily activities, including engagement in housework and yard work (for example, plaintiff's treatment notes make reference to the fact that he "[c]ontinues to be quite active, was recently raking leaves," and "continues to do physical labor such as mowing the lawn etc.") were also inconsistent with the extent of his claimed limitations, and with the highly restrictive exertional limitations identified by Dr. Awa. (Dkt. #8 at 315, 319). Because the limitations described by Dr. Awa were based on a short and unremarkable treatment history, and are unsubstantiated by plaintiff's treatment records and/or other objective evidence of record, including x-rays and ultrasounds, I find that the ALJ's decision not to grant controlling weight to Dr. Awa's opinion was sufficiently explained and adequately supported.

Plaintiff also argues that the ALJ failed to sufficiently explain the weight given to the opinion of examining physician Dr. Harbinder Toor, who opined that the combination of the back, knee, shoulder, wrist and hand pain plaintiff described would cause "moderate to marked" limitations in bending, lifting and carrying, moderate limitations in standing, walking and sitting, and mild limitations in fine motor activities. (Dkt. #8 at 555).

The Court disagrees. Initially, as the ALJ noted, Dr. Toor examined plaintiff on only one occasion, and his assessment of plaintiff's pain (where found, and severity) appears to have been largely based on plaintiff's self-reports rather than on objective testing or observation. (Indeed, the record does not otherwise indicate that plaintiff was ever diagnosed with or treated for problems with his knees, wrists or hands.) Dr. Toor also listed limitations, such as moderate limitations standing, walking and sitting and moderate to marked limitations bending, lifting and carrying, which were unsupported by his objective examination findings (e.g., normal gait, full cervical spinal flexion, shoulder rotation normal, full range of motion in arms, strength 5/5 in both upper and lower extremities). (Dkt. #8 at 552-55). Furthermore, as the Court has already discussed, the ALJ properly rejected similar limitations in Dr. Awa's opinion as unsupported by – and inconsistent with – the objective medical evidence of record, including plaintiff's treatment notes, the results of objective testing, and plaintiff's daily activities.

Finally, plaintiff alleges that the ALJ failed to sufficiently credit plaintiff's subjective testimony concerning the effect of his impairments on his RFC. In assessing a claimant's credibility, an ALJ must consider the objective medical evidence, as well as evidence concerning: (1) the plaintiff's daily activities; (2) the location, duration, frequency and intensity of the plaintiff's pain or other symptoms; (3) factors that precipitate or aggravate the symptoms; (4) the type, dosage, effectiveness and side effects of plaintiff's medications; (5) other means of pain relief

received by the plaintiff; (6) non-treatment measures used by plaintiff for pain relief; and (7) any other factors concerning the individual's functional limitations and restrictions. *See* 20 C.F.R. §§ 404.1529, 416.929. "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Cornell v. Astrue*, 2013 U.S. Dist. LEXIS 9513 at *20-*21 (N.D.N.Y. 2013).

Here, the ALJ observed that plaintiff's testimony concerning the limitations caused by his back and shoulder pain conflicted with his treatment records, his self-reported daily activities, and the results of objective testing, and noted that plaintiff's pain appeared to be controlled (albeit not completely alleviated) by prescribed medication. In light of these factors, the ALJ's determination that claimant's descriptions of debilitating pain were not credible considered the proper factors, and was well-supported.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #17) is granted. The Commissioner's decision that plaintiff was not disabled is affirmed, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 24, 2019.